IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAMES FIORE ) | |
| ) | U.S.D.C. Civil Action No. ___ |
| Plaintiff ) | |
| ) | Removal from Commonwealth of |
| v. ) | Mass. Sup. Ct. Hampden |
| ) | Civ No. 04 485 |
| ) | **04-30109-KPN** |
| HARTFORD LIFE AND ANNUITY ) | |
| INSURANCE COMPANY ) | |
| ) | FILING FEE PAID: |
| Defendant ) | RECEIPT # 305642 |
| ) | AMOUNT $ 150.00 |
| | BY DPTY CLK MGL |
| NOTICE OF REMOVAL | DATE 6/7/04 |

Defendant, Hartford Life and Annuity Insurance Company ("Hartford") hereby files this Notice of Removal of the above-captioned action to the United States District Court for the District of Massachusetts from the Superior Court Department of the Commonwealth of Massachusetts, Hampden Division (Civ. No. 04 485) where the action is now pending as provided by 28 U.S.C. s. 1446, and state:

1.  Plaintiff commenced this action in the Superior Court of the Commonwealth of Massachusetts to recover damages in excess of $75,000 against Hartford. The complaint and process was served on Hartford on May 14, 2004.

2.  The action is a civil action based on Massachusetts contract law of which this court has original jurisdiction under 28 U.S.C. s. 1332, and is one which may be removed to this Court by Hartford pursuant to 28 U.S.C. s. 1441, in that it is a civil action in which the matter in controversy exceeds $75,000 exclusive of interest and costs between citizens of different states.

1

3. At the time of the commencement of this action in state court, the plaintiff was, and still is, a citizen of the Commonwealth of Massachusetts. The defendant, Hartford, was, and still is, a corporation, incorporated and existing under and by virtue of the laws of the State of Connecticut having a principal place of business in the State of Connecticut. Hartford is not a citizen of Massachusetts.

4. Copies of all process, pleadings, and orders served upon Hartford are filed with this notice.

5. Hartford will give written notice of the filing of this notice as required by 28 U.S.C. s. 1446(d).

6. A copy of this notice will be filed with the clerk of the state court as required by 28 U.S.C. s. 1446(d).

WHEREFORE, Hartford requests that this action proceed in this Court as an action properly removed to it.

Hartford Life and Annuity
Insurance Company

By its Attorney,

_____
David B. Crevier
Crevier & Ryan LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
(413) 787-2400
Fax (413) 781-8235
BBO # 557242

## CERTIFICATE OF SERVICE

I, David B. Crevier, hereby certify that I have served a copy of the foregoing on the plaintiff by mailing a copy, by first class mail, postage prepaid, to the address of his attorney of record, this ___ day of _____June_____, 2004.

_____
David B. Crevier

# Exhibit A



# BACON & WILSON
— P.C. —

**ATTORNEYS AT LAW**

MICHAEL S. RATNER
PAUL R. SALVAGE
GARY L. FIALKY
MICHAEL B. KATZ
PAUL H. ROTHSCHILD
STEPHEN N. KREVALIN
HYMAN G. DARLING
MARK J. BEGLANE
GARY G. BRETON
MICHAEL J. COYNE
KENNETH J. ALBANO
RICHARD A. CORBERT
ROBERT S. MURPHY, JR.
PHILIP R. SMITH
FRANCIS R. MIRKIN
MICHELLE M. BEGLEY*
MARTIN C. DUNN*
JULIE A. DIALESSI-LAFLEY*
GINA M. BARRY*
  ~NNA L. WEXLER
  ~IN H. DION*
  ..AM J. BASCH~
GIUSEPPE E. BELLAVITA
BENJAMIN M. COYLE
BRETT A. KAUFMAN
*ADMITTED ALSO IN CT
~ADMITTED ALSO IN NY

OF COUNSEL
JAMES M. SWEENEY
ELIZABETH A. GINTER

RETIRED
PHILIP C. SMITH

GEORGE A. BACON
(1868-1945)
PETER D. WILSON
(1908-1989)
JUSTIN COHEN
(1913-1987)
JAY A. GABRIEL
(1980-2004)

33 STATE STREET
SPRINGFIELD, MA 01103-2003
FAX (413) 739-7740
TELEPHONE (413) 781-0560

9 CHAPEL STREET
WESTFIELD, MA 01085-3082
FAX (413) 562-0548
TELEPHONE (413) 562-8611

351 PLEASANT STREET
NORTHAMPTON, MA 01060-3996
FAX (413) 586-5959
TELEPHONE (413) 584-3250

14 ELLA GRASSO TURNPIKE
WINDSOR LOCKS, CT 06096-1047
FAX (860) 654-1948
TELEPHONE (860) 623-6482

THE ONLY ATTORNEYS ADMITTED
IN CT ARE THOSE SPECIFIED ABOVE

www.bacon-wilson.com

May 14, 2004

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

Officer, Director or Managing Agent
The Hartford Life and Annuity Insurance Company
200 Hopmeadow Street
Simsbury, CT 06089

RE:  **James Fiore v. Hartford Life and Annuity Insurance Company
      Hampden County Superior Court, Civil Action No. 04-485**

Dear Sir/Madam:

Enclosed please find a copy of the Summons, Complaint and Demand for Trial by Jury and Civil Action Cover Sheet pertaining to the above-referenced matter.

This letter together with the above-described enclosures is being sent to you by certified mail, return receipt requested, in accordance with the provisions of Massachusetts General Laws Chapter 223A.

Please note that an Answer to the enclosed Complaint is due 20 days from the date of service upon you. Please turn the enclosed documents over to your legal representative immediately upon receipt of this letter.

Very truly yours,

Michael J. Coyne

MJC/PC
Enclosures
13793.049
322233

cc:  Mr. James Fiore

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

## COMMONWEALTH OF MASSACHUSETTS

HARTFORD INS. GROUP
**RECEIVED**
MAY 19 2004
LAW DEPARTMENT

HAMPDEN, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 04 485

James W. Fiore, PLAINTIFF(S)

V.                                                    SUMMONS

Hartford Life and Annuity Insurance Company, DEFENDANT(S)

To the above named defendant: Hartford Life and Annuity Insurance Company

You are hereby summoned and required to serve upon Michael J. Coyne, plaintiff's attorney, whose address is 33 State St., Springfield, MA 01103 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq., at Springfield the 13th day of May in the year of our Lord two thousand four.

*Marie G. Mazza*
Clerk / Magistrate

NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No.1

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: HAMPDEN | Docket Number<br>04  485 |
|---|---|---|
| PLAINTIFF(S)<br>JAMES W. FIORE | DEFENDANT(S)<br>HARTFORD LIFE AND ANNUITY INSURNACE COMPANY | |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>MICHAEL J. COYNE, ESQUIRE<br>BACON & WILSON, P.C.<br>33 State St.<br>Springfield, MA 01103<br>Ph: 413-781-0560<br>Fax: 413-739-7740<br>Board of Bar Overseers number: 541834 | ATTORNEY (if known) | |

**Origin code and track designation**

Place an x in one box only:
- [ ] 1. FO1 Original Complaint
- [ ] 2. FO2 Removal to Sup. Ct. c231, s. 104 (Before trial) (F)
- [ ] 3. FO3 Restransfer to Sup. Ct. C.231, s. 102C (X)
- [ ] 4. FO4 District Ct. Appeal c231, s. 97 &104 (After Trial) (X)
- [ ] 5. FO5 Reactivated after Rescript, Relief from Judgment/Order (Mass. R Civ. P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See Reverse Side)**

CODE NO.  TYPE OF ACTION (specify)  TRACK  IS THIS A JURY CASE?

A99   Breach of Life Insurance policy   (F)   (✓) Yes  ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses........................................ $ _____
   2. Total Doctor expenses.......................................... $ _____
   3. Total chiropractic expenses.................................. $ _____
   4. Total physical therapy expenses.......................... $ _____
   5. Total other expenses (describe)............................ $ _____
                                                   Subtotal $ _____

B. Documented lost wages and compensation to date.............. $ _____
C. Documented property damages to date............................... $ _____
D. Reasonably anticipated future medical and hospital expenses.. $ _____
E. Reasonably anticipated lost wages...................................... $ _____
F. Other documented items of damages (describe)
                                                         $ _____
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
                                                         $ _____
                                                   TOTAL $ _____

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): The defendant has breached the terms of a life insurance policy in the amount of $50,000.00
                                                   TOTAL $ 50,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT    N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages of the various methods."

Signature of Attorney of Record  /s/ Michael J Coyne     Date: May 11, 2004

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO.

JAMES W. FIORE,

    Plaintiff

v.

HARTFORD LIFE AND ANNUITY
INSURANCE COMPANY,

    Defendant

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

## PARTIES

1. The Plaintiff, James W. Fiore, is an individual residing at 24 McIntosh Drive, Wilbraham, Hampden County, Massachusetts.

2. The Defendant, Hartford Life and Annuity Insurance Company, is a Connecticut corporation with its usual place of business located at 200 Hopmeadow Street, Simsbury, Connecticut; and is subject to the jurisdiction of this Court pursuant to M.G.L. c. 223A, §3.

## FACTS COMMON TO ALL COUNTS

3. On or about September 28, 1981, the Defendant issued a $50,000.00 Flexible Premium Adjustable Life Insurance policy (Policy No. 004 U01334377) on the life of William Fiore. The initial owner of the policy was Augustine A. Fiore.

4. Subsequent to September 28, 1981, the ownership of the policy was changed to James W. Fiore, the son of William Fiore.

5. On or about June 28, 2003, the Plaintiff, James W. Fiore, received notification from the Defendant, Hartford Life and Accident Insurance Company, that Policy No. 004 U01334377 was terminated for failure to pay the required premium due of $1,541.12. Prior to said date, all premiums due under the contract of insurance were paid in a timely manner.

6. The Plaintiff, James W. Fiore, prior to June 28, 2003, did not receive any notification from the Defendant, Hartford Life and Accident Insurance Company,

BACON & WILSON, P.C.
ATTORNEYS AT LAW
33 STATE STREET
SPRINGFIELD, MA 01103
TELEPHONE (413) 781-0560
FAX (413) 739-7740

9 CHAPEL STREET
WESTFIELD, MA 01085
TELEPHONE (413) 562-9607
FAX (413) 562-7588

351 PLEASANT STREET
NORTHAMPTON, MA 01060
TELEPHONE (413) 584-3250
FAX (413) 586-0548

34 ELLA GRASSO TURNPIKE
WINDSOR LOCKS, CT 06096
TELEPHONE (860) 623-0402
FAX (860) 654-1948

that Policy No. 004 U01334377 was subject to termination for failure to pay the insurance premium nor did the Plaintiff receive any premium invoices.

7. The Plaintiff, James W. Fiore, at all times prior to June 28, 2003, paid all premiums due on the Policy No. 004 U01334377 in a timely manner which totaled approximately $41,000.00.

8. On or about August 28, 2003, the Plaintiff, James W. Fiore, notified the Defendant, Hartford Life and Accident Insurance Company, that he did not receive notification, either by regular U.S. mail, certified mail or registered mail of the premium payment that was due and owing on Policy No. 004 U01334377.

9. On or about November 10, 2003, the Defendant, Hartford Life and Annuity Insurance Company, notified the Plaintiff, James W. Fiore, that Policy No. 004 U01334377 was terminated for failure to pay the aforementioned premium due and owing on the policy, but stated the policy could by reinstated pursuant to the provisions of the policy, which, in pertinent part states: "...If this policy terminates as provided under Grace Period, it may be reinstated within five (5) years after the date of termination provided (a) evidence of insurability satisfactory to us is furnished; and (b) premium sufficient to maintain the policy in force for two months is paid." The insured, William M. Fiore, is unable to provide evidence of insurability.

## COUNT I
### (Breach of Contract)

10. The Plaintiff, James W. Fiore, restates and realleges the allegations contained in paragraphs 1 through 9 of this Complaint.

11. The Plaintiff, James W. Fiore, states that the Defendant, Hartford Life and Annuity Insurance Company, breached the contract with regard to the Flexible Premuim Adjustable Life Insurance Policy No. 004 U01334377 by failing to adequately provide notice of a premium payment due on said policy, by failing to provide notice of a possible termination of the policy for non-payment of premiums, and by failing to reinstate the policy after it received written notice of its breach of the policy terms and conditions.

**WHEREFORE**, the Plaintiff, James W. Fiore, demands judgment against the Defendant, Hartford Life and Annuity Insurance Company, plus interest and costs of suit.

## COUNT II
### (Breach of the Implied Covenants of Good Faith and Fair Dealing)

12. The Plaintiff reasserts and realleges the allegations contained in paragraphs 1 through 11 herein.

BACON & WILSON, P.C.
ATTORNEYS AT LAW
33 STATE STREET
SPRINGFIELD, MA 01103
TELEPHONE (413) 781-0560
FAX (413) 739-7740

9 CHAPEL STREET
WESTFIELD, MA 01085
TELEPHONE (413) 562-9607
FAX (413) 562-7588

351 PLEASANT STREET
NORTHAMPTON, MA 01060
TELEPHONE (413) 584-3250
FAX (413) 586-0049

134 ELLA GRASSO TURNPIKE
WINDSOR LOCKS, CT 06096
TELEPHONE (800) 623-8482
FAX (860) 654-1948

13. The contract of insurance in existence between the Defendant, Hartford Life and Annuity Insurance Company and the Plaintiff, James W. Fiore, contain implied covenants of good faith and fair dealing within which each party agrees not to undertake any act which would deprive either party of the benefits of the agreement.

14. The Defendant has breached the implied covenants of good faith and fair dealing by failing to notify the Plaintiff of a premium payment due under the terms of the life insurance policy; by failing to provide the Plaintiff with notice of a possible lapse in the policy due to non-payment of premiums and by failing and refusing to reinstate the terms of the policy of insurance upon being notified, in writing, that it had breached the written terms of the policy.

15. The Defendant has accepted premium payments in excess of forty-one thousand dollars ($41,000.00) since the inception of the policy on or about September 28, 1981 and terminated said policy without providing adequate notice of a possible termination to the Plaintiff.

16. Said actions constitute a breach of the implied covenants of good faith and fair dealing for which the Plaintiff is entitled to an award of monetary damages.

WHEREFORE, the Plaintiff, James W. Fiore, demands judgment against the Defendant, Hartford Life and Accident Insurance Company, plus interest and costs of suit; and the Plaintiff further requests that the Court treble said damages and award the Plaintiff its reasonable attorney's fees and costs, all in accordance with the provisions of M.G.L. Chapter 93A, §§2 and 11.

**THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,
The Plaintiff,
James W. Fiore,
By Attorney,

MICHAEL J. COYNE, ESQUIRE
BACON & WILSON, P.C.
33 State Street
Springfield, MA 01103
Ph: (413) 781-0560
Fax: (413) 739-7740
BBO# 541834
May 11, 2004

BACON & WILSON, P.C.
ATTORNEYS AT LAW
33 STATE STREET
SPRINGFIELD, MA 01103
TELEPHONE (413) 781-0560
FAX (413) 739-7740

8 CHAPEL STREET
WESTFIELD, MA 01085
TELEPHONE (413) 562-9697
FAX (413) 562-7589

351 PLEASANT STREET
NORTHAMPTON, MA 01060
TELEPHONE (413) 584-3250
FAX (413) 586-0648

134 ELLA GRASSO TURNPIKE
WINDSOR LOCKS, CT 06096
TELEPHONE (800) 523-6482
FAX (800) 654-1048