IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES FIORE<br><br>Plaintiff<br><br>v.<br><br>HARTFORD LIFE AND ANNUITY<br>INSURANCE COMPANY<br><br>Defendant | U.S.D.C. Civil Action No. 04-30109-KPN |

### DEFENDANT HARTFORD LIFE AND ANNUITY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Hartford Life and Annuity Insurance Company ("Hartford or Defendant") hereby answers Plaintiff's complaint, with the corresponding numbered paragraphs, as follows:

1. Defendant states that it admits that the Plaintiff is an individual but lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 1

2. Defendant admits the allegations in the first sentence of Paragraph 2. Defendant states that the allegations in the second sentence of Paragraph 2 are legal conclusions to which a response is not required.

3. Defendant admits the allegations in Paragraph 3.

4. Defendant admits the allegations in Paragraph 4.

5. Defendant denies the allegations in Paragraph 5.

6. Defendant denies the allegations in Paragraph 6.

7. Defendant denies the allegations in Paragraph 7.

8. Defendant denies the allegations in Paragraph 8.

9. Defendant denies the first sentence in Paragraph 9 as failing to state the entirety of a document that is the best evidence of its contents. Defendant states that it lacks knowledge or information sufficient either to admit or deny the allegations in the second sentence of Paragraph 9.

10. All prior responses are hereby restated.

11. Defendant denies allegations set forth in Paragraph 11.

12. All prior responses are hereby restated.

13. Defendant states that the allegations in Paragraph 13 are legal conclusions to which a response is not required. To the extent Paragraph 13 is deemed to allege facts, Hartford denies such allegations.

14. Defendant states that the allegations in Paragraph 14 are legal conclusions to which a response is not required. To the extent Paragraph 14 is deemed to allege facts, Hartford denies such allegations.

15. Defendant denies the allegations set forth in Paragraph 15.

16. Defendant states that the allegations in Paragraph 14 are legal conclusions to which a response is not required. To the extent Paragraph 14 is deemed to allege facts, Hartford denies such allegations.

## AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint is wholly insubstantial, frivolous and not advanced in good faith within the meaning of M.G.L. c. 231, § 6F. Accordingly, Hartford is entitled to be

awarded all of its reasonable counsel fees, costs and expenses incurred in defending all claims stated by Plaintiff's Complaint as mandated by M.G.L. c. 231, § 6F.

2. Plaintiff's claim pursuant to M.G.L. c. 93A, § 11 fails as a matter of law since that statute only pertains to disputes between parties engaged in the conduct of trade or commerce, and does not pertain to disputes between an individual and a party engaged in trade or commerce.

3. Plaintiff claim pursuant to M.G.L. c. 93A, § 11 fails as a matter of law since Plaintiff has not alleged that Hartford has engaged in any unfair or deceptive practices or acts within the Commonwealth of Massachusetts, as M.G.L. c. 93A, § 11 requires.

4. Plaintiff cannot maintain a claim pursuant to M.G.L. c. 93A, § 9, since he has not cited that authority in his Complaint. Even if Plaintiff's Complaint had asserted a claim under M.G.L. c.93A, § 9, any such claim would fail as a matter of law since Plaintiff has not alleged that he sent Hartford a demand letter pursuant to M.G.L. c. 93A, § 9(3).

Hartford Life and Accident Insurance Company

By its Attorney,

David B. Crevier, BBO # 557242
Theodore F. Glockner, BBO # 629469
Crevier & Ryan LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
(413) 787-2400
Fax: (413)781-8235
Email: Dcrevier@crevierandryan.com