IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES FIORE<br><br>  Plaintiff<br><br>v.<br><br>HARTFORD LIFE AND ANNUITY<br>INSURANCE COMPANY<br><br>  Defendant | U.S.D.C. Civil Action No.-<br>04-30109-KPN |

### DEFENDANT HARTFORD LIFE AND ANNUITY INSURANCE COMPANY'S RULE 12(b)(6) MOTION TO PARTIALLY DISMISS PLAINTFF'S COMPLAINT

Defendant Hartford Life and Annuity Insurance Company ("Hartford") moves the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss so much of Plaintiff's Complaint alleging that Hartford violated Massachusetts General Law Chapter 93A, § 11 ("Chapter 93A claim"). As grounds for this motion Hartford states that Plaintiff's Chapter 93A claim fails because: 1) M.G.L. c. 93A, § 11, which applies to claims between businesses, is inapplicable to Plaintiff's claim against Hartford; and 2) Plaintiff has not alleged that Hartford has engaged in any unfair or deceptive acts within the Commonwealth of Massachusetts, as that statute requires. Finally, even if the Plaintiff had alleged a violation of Chapter 93A, § 9, applicable to disputes between a consumer and a business, Plaintiff's claim would still fail since he has not alleged that he sent demand letter as required by Chapter 93A, § 9(3).

1

## **STATEMENT OF THE FACTS**

1.      On or about May 11, 2004, Plaintiff filed his Complaint in Hampden Superior Court stating two counts against Hartford. See, Plaintiff's Complaint, attached hereto as Exhibit 1.

2.      On June 7, 2004, Hartford filed its Notice of Removal in this Court, thereby removing Plaintiff's Complaint to this Court.

3.      In Count I of Plaintiff's Complaint, Plaintiff alleges that Hartford breached the terms of a Flexible Premium Adjustable Life Insurance Policy by "failing to adequately provide notice of a premium payment due on said policy, by failing to provide notice of a possible termination of the policy for non-payment of premiums, and by failing to reinstate the policy after it received written notice of the policy terms." Exhibit 1, at ¶ 11.

4.      In Count II of Plaintiff's Complaint, Plaintiff alleges that Hartford breached the implied covenants of good faith and fair dealing by: "failing to notify the Plaintiff of a premium payment due under the terms of the life insurance policy; by failing to provide the Plaintiff with notice of a possible lapse in the policy due to non-payment of premiums and by failing and refusing to reinstate the terms of the policy." Exhibit 1 at ¶ 14.

5.      Plaintiff's only claim against Hartford under Chapter 93A is stated in the "wherefore" clause on the last page of his Complaint as follows: "Wherefore, Plaintiff James Fiore, demands judgment against the Defendant, Hartford Life and Accident Insurance Company, plus interests and costs of suit; and the Plaintiff further requests that the Court treble said damages and award the Plaintiff its reasonable attorney's fees and costs, all in accordance with the provisions of **M.G.L. c. 93A, §§2 and 11**." Exhibit 1, (emphasis added).

## ARGUMENT

I. <u>Plaintiff's Chapter 93A, § 11 Claim Is Inapplicable To The Facts He Alleges</u>

This Court must dismiss Plaintiff's claim pursuant to Chapter 93A, § 11, since that statute only applies to "business against business" Chapter 93A claims. <u>See</u>, <u>Spencer Press, Inc. v. Utica Mut. Ins. Co.</u>, 42 Mass. App. Ct. 631, 636 (1997); <u>DiVenuti v. Reardon</u>, 37 Mass. App. Ct. 73, 79 (1994). In this regard, Section 11 states in pertinent part the following:

> Any person who engages in the conduct of any trade or commerce and who suffers any loss of money or property, real or personal, as a result of the use or employment by another person who engages in the conduct of any trade or commerce of an unfair method of competition or an unfair or deceptive act or practice declared unlawful by section two or by any rule or regulation issued under paragraph (c) of section two may...bring an action in superior court...

Plaintiff's Complaint is clear that Plaintiff brings suit as "an individual" – not a business—"residing at 24 McIntosh Drive, Wilbraham, County of Hampden, Massachusetts." Exhibit 1, at ¶ 1. Because Plaintiff filed suit as an individual, and has not alleged that he was engaged in the "conduct of any trade or commerce" with respect to any of his claims against Hartford, he cannot maintain his claim under Chapter 93A, § 11. <u>See</u>, <u>Manning v. Zuckerman</u>, 388 Mass. 8, 14 (1983)(Both parties must be engaged in trade or commerce for Section 11 claim to stand). Therefore, the Court cannot grant Plaintiff relief on this claim and the Court must dismiss it.

II. <u>Plaintiff's Chapter 93A, § 11 Claim Fails Since Plaintiff Has Not Alleged That Hartford Has Engaged In Any Unfair Or Deceptive Acts or Practices Within The Commonwealth of Massachusetts</u>

Plaintiff's Chapter 93A, § 11 claim must also be dismissed since it does not allege that Hartford engaged in any unfair or deceptive acts "primarily and substantially" within

3

the Commonwealth of Massachusetts as that statute requires. Specifically, Section 11 states: "No action shall be brought or maintained under this section unless the actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred primarily and substantially within the Commonwealth." See, also, Kuwaiti Danish Computer Co. v. Digital Equipment Corp., 438 Mass. 459, 473 (2003). Plaintiff's Complaint merely alleges that Hartford – a "Connecticut Corporation with its usual place of business located at 200 Hopmeadow Street, Simsbury, Connecticut"—failed to notify Plaintiff that his life insurance premium was due, and did not reinstate the policy after Plaintiff failed to pay the premium thereon. See, Plaintiff's Complaint, Exhibit 1 at ¶¶ 2-9. Simply put, Plaintiff's Complaint does not allege that **any** of Hartford's actions underlying his Chapter 93A claim took place in Massachusetts, let alone whether they "primarily and substantially" occurred in Massachusetts. For these reasons, because Plaintiff has not even alleged that any of Hartford's conduct occurred in Massachusetts, this Court must dismiss his Chapter 93A claim.

III.   Even If Plaintiff Had Alleged A Violation of Chapter 93A, Section 9, Applicable to Consumer Disputes, His Claim Would Still Fail

As stated above, Plaintiff's Chapter 93A, § 11 claim fails since he has not alleged that he is "engaged in trade or commerce." Even if Plaintiff had alleged a violation of Chapter 93A, § 9, applicable to disputes between consumers and parties engaged in trade or commerce, that claim would still fail since Plaintiff has not alleged that he sent Hartford a demand letter pursuant to § 9(3) of that statute. With respect to the statutory requirement that a plaintiff send a demand letter prior to filing suit, M.G.L. c. 93A, § 9(3) mandates:

> At least thirty days prior to the filing of any action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent...

The Supreme Judicial Court has stated that the written demand for relief required by Section 9(3) of Chapter 93A is a "jurisdictional prerequisite" to filing suit and a "special element" that **"must be alleged** and proved" **the absence of which "is a bar" to the claim.** Spring v. Holyoke Geriatric Authority, 394 Mass. 274, 289 (1985)(Jurisdictional pre-requisite); Entrialgo v. Twin City Dodge, Inc., 368 Mass. 812, 813 (1975)(Demand letter must be alleged and proved)(emphasis added); Slaney v. Westwood Auto, Inc., 366 Mass. 688, 704 (1975)(Demand letter is special element that must be alleged). Because Plaintiff has not plead that he sent Hartford a Chapter 93A demand letter prior to filing suit, under no set of facts could he maintain a claim under Chapter 93A, § 9.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Chapter 93A, § 11 claim fails as a matter of law and does not state a claim upon which relief can be granted. Accordingly, this Court must dismiss that claim pursuant to under Fed. R. Civ. P. 12(b)(6).

Respectfully Submitted,
The Defendant Hartford Life and Annuity
Insurance Company,
By its Attorneys:

CREVIER & RYAN, LLP.

David B. Crevier, BBO 557242
Theodore F. Glockner, BBO 629469
1500 Main Street, Suite 2020
Springfield, MA 01115
(413) 787-2400

## CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the foregoing on Plaintiff's Counsel by mailing the same via first class mail postage pre paid, said service having taken place this _5_ day of June, 2004.

_____
Theodore F. Glockner

Case 3:04-cv-30109-MAP    Document 3    Filed 06/10/2004    Page 7 of 10

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.                               SUPERIOR COURT
                                           DEPARTMENT OF THE TRIAL COURT
                                           CIVIL ACTION NO.

JAMES W. FIORE,

        Plaintiff
                                           **COMPLAINT AND DEMAND FOR
                                           TRIAL BY JURY**
v.

HARTFORD LIFE AND ANNUITY
INSURANCE COMPANY,

        Defendant

## PARTIES

1. The Plaintiff, James W. Fiore, is an individual residing at 24 McIntosh Drive, Wilbraham, Hampden County, Massachusetts.

2. The Defendant, Hartford Life and Annuity Insurance Company, is a Connecticut corporation with its usual place of business located at 200 Hopmeadow Street, Simsbury, Connecticut; and is subject to the jurisdiction of this Court pursuant to M.G.L. c. 223A, §3.

## FACTS COMMON TO ALL COUNTS

3. On or about September 28, 1981, the Defendant issued a $50,000.00 Flexible Premium Adjustable Life Insurance policy (Policy No. 004 U01334377) on the life of William Fiore. The initial owner of the policy was Augustine A. Fiore.

4. Subsequent to September 28, 1981, the ownership of the policy was changed to James W. Fiore, the son of William Fiore.

5. On or about June 28, 2003, the Plaintiff, James W. Fiore, received notification from the Defendant, Hartford Life and Accident Insurance Company, that Policy No. 004 U01334377 was terminated for failure to pay the required premium due of $1,541.12. Prior to said date, all premiums due under the contract of insurance were paid in a timely manner.

6. The Plaintiff, James W. Fiore, prior to June 28, 2003, did not receive any notification from the Defendant, Hartford Life and Accident Insurance Company,

BACON & WILSON, P.C.
ATTORNEYS AT LAW
33 STATE STREET
SPRINGFIELD, MA 01103
TELEPHONE (413) 781-0560
FAX (413) 739-7740

9 CHAPEL STREET
WESTFIELD, MA 01085
TELEPHONE (413) 562-9607
FAX (413) 562-7598

351 PLEASANT STREET
NORTHAMPTON, MA 01060
TELEPHONE (413) 584-3250
FAX (413) 586-0548

34 ELLA GRASSO TURNPIKE
WINDSOR LOCKS, CT 06096
TELEPHONE (860) 623-0402
FAX (860) 654-1948

1

that Policy No. 004 U01334377 was subject to termination for failure to pay the insurance premium nor did the Plaintiff receive any premium invoices.

7. The Plaintiff, James W. Fiore, at all times prior to June 28, 2003, paid all premiums due on the Policy No. 004 U01334377 in a timely manner which totaled approximately $41,000.00.

8. On or about August 28, 2003, the Plaintiff, James W. Fiore, notified the Defendant, Hartford Life and Accident Insurance Company, that he did not receive notification, either by regular U.S. mail, certified mail or registered mail of the premium payment that was due and owing on Policy No. 004 U01334377.

9. On or about November 10, 2003, the Defendant, Hartford Life and Annuity Insurance Company, notified the Plaintiff, James W. Fiore, that Policy No. 004 U01334377 was terminated for failure to pay the aforementioned premium due and owing on the policy, but stated the policy could by reinstated pursuant to the provisions of the policy, which, in pertinent part states: "...If this policy terminates as provided under Grace Period, it may be reinstated within five (5) years after the date of termination provided (a) evidence of insurability satisfactory to us is furnished; and (b) premium sufficient to maintain the policy in force for two months is paid." The insured, William M. Fiore, is unable to provide evidence of insurability.

## COUNT I
### (Breach of Contract)

10. The Plaintiff, James W. Fiore, restates and realleges the allegations contained in paragraphs 1 through 9 of this Complaint.

11. The Plaintiff, James W. Fiore, states that the Defendant, Hartford Life and Annuity Insurance Company, breached the contract with regard to the Flexible Premuim Adjustable Life Insurance Policy No. 004 U01334377 by failing to adequately provide notice of a premium payment due on said policy, by failing to provide notice of a possible termination of the policy for non-payment of premiums, and by failing to reinstate the policy after it received written notice of its breach of the policy terms and conditions.

**WHEREFORE**, the Plaintiff, James W. Fiore, demands judgment against the Defendant, Hartford Life and Annuity Insurance Company, plus interest and costs of suit.

## COUNT II
### (Breach of the Implied Covenants of Good Faith and Fair Dealing)

12. The Plaintiff reasserts and realleges the allegations contained in paragraphs 1 through 11 herein.

BACON & WILSON, P.C.
ATTORNEYS AT LAW
33 STATE STREET
SPRINGFIELD, MA 01103
TELEPHONE (413) 781-0560
FAX (413) 739-7740

9 CHAPEL STREET
WESTFIELD, MA 01085
TELEPHONE (413) 562-9607
FAX (413) 562-7569

351 PLEASANT STREET
NORTHAMPTON, MA 01060
TELEPHONE (413) 584-3250
FAX (413) 585-0348

134 ELLA GRASSO TURNPIKE
WINDSOR LOCKS, CT 06096
TELEPHONE (800) 623-8482
FAX (800) 654-1848

13. The contract of insurance in existence between the Defendant, Hartford Life and Annuity Insurance Company and the Plaintiff, James W. Fiore, contain implied covenants of good faith and fair dealing within which each party agrees not to undertake any act which would deprive either party of the benefits of the agreement.

14. The Defendant has breached the implied covenants of good faith and fair dealing by failing to notify the Plaintiff of a premium payment due under the terms of the life insurance policy; by failing to provide the Plaintiff with notice of a possible lapse in the policy due to non-payment of premiums and by failing and refusing to reinstate the terms of the policy of insurance upon being notified, in writing, that it had breached the written terms of the policy.

15. The Defendant has accepted premium payments in excess of forty-one thousand dollars ($41,000.00) since the inception of the policy on or about September 28, 1981 and terminated said policy without providing adequate notice of a possible termination to the Plaintiff.

16. Said actions constitute a breach of the implied covenants of good faith and fair dealing for which the Plaintiff is entitled to an award of monetary damages.

WHEREFORE, the Plaintiff, James W. Fiore, demands judgment against the Defendant, Hartford Life and Accident Insurance Company, plus interest and costs of suit; and the Plaintiff further requests that the Court treble said damages and award the Plaintiff its reasonable attorney's fees and costs, all in accordance with the provisions of M.G.L. Chapter 93A, §§2 and 11.

**THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,
The Plaintiff,
James W. Fiore,
By Attorney,

MICHAEL J. COYNE, ESQUIRE
BACON & WILSON, P.C.
33 State Street
Springfield, MA 01103
Ph: (413) 781-0560
Fax: (413) 739-7740
BBO# 541834
May 11, 2004

BACON & WILSON, P.C.
ATTORNEYS AT LAW
33 STATE STREET
SPRINGFIELD, MA 01103
TELEPHONE (413) 781-0560
FAX (413) 739-7740

8 CHAPEL STREET
WESTFIELD, MA 01085
TELEPHONE (413) 562-9607
FAX (413) 562-7589

351 PLEASANT STREET
NORTHAMPTON, MA 01060
TELEPHONE (413) 584-3250
FAX (413) 586-0648

134 ELLA GRASSO TURNPIKE
WINDSOR LOCKS, CT 06096
TELEPHONE (860) 623-4482
FAX (860) 654-1048